IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TAMMY CHAMBERS,
      Plaintiff,

vs.                                                            Case No.: 5:06cv215/RS/EMT

JO ANNE B. BARNHART,
Commissioner of Social Security,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

       This cause was initiated by the filing of Plaintiff's complaint on October 23, 2006 (Doc. 1), in which Plaintiff seeks review of Defendant's final administrative decision denying her claim for disability benefits.  Now before the court is Plaintiff's Motion to Dismiss Complaint (Doc. 7), in which Plaintiff seeks to voluntarily dismiss this action because she has moved out of the district (*id.* at 1).  Plaintiff indicates that Defendant has no objection to the motion (*id.*).

       This court construes Plaintiff's motion as a notice of voluntary dismissal, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.  Rule 41(a)(1)(I) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or files a motion for summary judgment.  Because Defendant has not yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

       Accordingly, it is respectfully **RECOMMENDED**:

       That Plaintiff's motion to dismiss (Doc. 7), construed as a notice of voluntary dismissal, be **GRANTED** and this case be **DISMISSED without prejudice**.

At Pensacola, Florida this 7th day of December 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control**.  **A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  5:06cv215/RS/EMT